UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NORTHPORT HEALTH SERVICES
OF ARKANSAS, LLC, et al.                                              PLAINTIFFS

v.                              No. 2:20-CV-02021

ANGIE P. ELLIS, as attorney-in-fact
of Karleen Vernon                                                      DEFENDANT

**OPINION AND ORDER**

Plaintiffs filed this action and a motion (Doc. 9) for summary judgment, seeking to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.,* of claims against Plaintiffs that Defendant is pursuing in the Circuit Court of Sebastian County, Arkansas, and to stay the ongoing state proceedings. Plaintiffs base their petition to compel arbitration on the existence of an agreement to arbitrate all disputes arising out of Plaintiffs' provision of services to Karleen Vernon at one of Plaintiffs' general nursing care facilities in Sebastian County, Arkansas. Defendant has separately filed a motion (Doc. 13) to dismiss, citing as one basis for dismissal the forum-selection clause in the contract reflecting the agreement by which Plaintiffs agreed to care for Karleen Vernon. Defendant subsequently filed a second motion (Doc. 27) to dismiss on the basis of issue preclusion, but that motion is not yet ripe. The parties have filed supporting and responding documents and the first motion to dismiss is ripe. That motion (Doc. 13) will be granted on the basis of *forum non conveniens* and Plaintiffs' motion for summary judgment and Defendant's second motion to dismiss will be terminated as moot.

"The overarching purpose of the FAA, evident in the text of §§ 2, 3, and 4, is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). Its application is

1

equally binding on state and federal courts. *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) ("Given the substantive supremacy of the FAA, but the Act's nonjurisdictional cast, state courts have a prominent role to play as enforcers of agreements to arbitrate."). The FAA is not a source of federal subject matter jurisdiction, and so federal courts may only hear an action to compel arbitration of a dispute if there is an independent basis for access to the federal forum. *Id*. "Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations." *AT&T Mobility LLC*, 563 U.S. at 351.

In this case, 28 U.S.C. § 1332 provides the basis for federal subject matter jurisdiction—diversity of citizenship and an adequate amount in controversy. "[A] federal court sitting in diversity jurisdiction . . . applie[s] the law that the forum state would apply." *Winthrop Res. Corp. v. Stanley Works*, 259 F.3d 901, 904 (8th Cir. 2001). Choice-of-law and forum-selection clauses in contracts are enforceable under Arkansas law. *See, e.g.*, *Provence v. Nat'l Carriers, Inc.*, 360 S.W.3d 725, 729 (Ark. 2010) ("[W]e have clearly held that choice-of forum clauses in contracts are binding, unless it can be shown that the enforcement of the clause would be unreasonable and unfair."); *Crisler v. Unum Ins. Co. of Am.*, 233 S.W.3d 658, 660 (Ark. 2006) (applying Restatement (Second) of Conflict of Laws and only relying on most significant relationship test "[i]n cases not involving an effective choice of law by the parties").

"[F]orum-selection clauses should control except in unusual cases." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. D. of Tex.*, 571 U.S. 49, 64 (2013). Before determining whether an arbitration agreement requires the parties to arbitrate a dispute, a court may independently determine whether the doctrine of *forum non conveniens* requires that decision to be made in another forum. *Cf. City of Benkelman, Neb. v. Baseline Eng'g Corp.*, 867 F.3d 875, 881 n.6 (2017) ("To the extent Baseline seeks to enforce the forum-selection clause independent of the arbitration

2

agreement, Baseline should have invoked the *forum non conveniens* doctrine."). A forum-selection clause requiring a dispute to be heard in a state court to which this Court cannot transfer the action should be dismissed pursuant to the doctrine of *forum non conveniens*. *Atlantic Marine Constr. Co., Inc.*, 571 U.S. at 60 ("[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."). As with jurisdictional dismissal, dismissal pursuant to the doctrine of *forum non conveniens* is a non-merits dismissal. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007).

In Arkansas, "the rule is, in the interpretation of contracts, to ascertain the intention of the parties, and give effect to that intention, where this can be done consistently with legal principles." *Syndeman Bros., Inc. v. Whitlow*, 56 S.W.2d 1020, 1021 (Ark. 1933). The best evidence of the parties' intention is their written agreement. *First Nat'l Bank of Crossett v. Griffin*, 832 S.W.2d 816, 818 (Ark. 1992). The Court must "give to the language employed the meaning which the parties intended," giving the terms "their plain, ordinary meaning" and reading and construing the contract as a whole so that its parts operate together, rather than against one another. *Id.* at 819. "[T]he intention of the parties is to be gathered not from particular words and phrases but from the whole context of the agreement." *Fowler v. Unionaid Life Ins. Co.*, 20 S.W.2d 611, 613 (Ark. 1929). Where the meaning is ambiguous, "parol evidence is admissible and the meaning of the ambiguous term becomes a question of fact for the factfinder." *First Nat'l Bank of Crossett*, 832 S.W.2d at 819. In this case no jury has been demanded and the Court is the factfinder.

The copy of the contract between the parties, attached to the initial pleading—the petition to compel arbitration—includes not only an agreement to arbitrate disputes but a section stating:

> This Agreement shall be interpreted, construed and enforced pursuant to and in accordance with the laws of the State of Arkansas. <u>Sebastian</u>[1] County, Arkansas

---

[1] "Sebastian" is handwritten in a blank, underlined space. This section is otherwise typed.

3

> shall be the sole and exclusive venue for any Dispute, special proceeding, or any other proceeding between the parties that may arise out of, in connection with, or by reason of this Agreement.

(Doc. 2-2, p. 16).

Defendant argues that the parties intended by this choice-of-law and forum-selection clause identifying "Sebastian County, Arkansas" as the "sole and exclusive venue" to select the state courts of Arkansas in Sebastian County as the exclusive venue for resolution of Plaintiffs' petition to compel arbitration. Plaintiffs disagree, arguing that this clause imposes only a geographical limitation, not a jurisdictional limitation, and because this Court sits in the geographical location of Sebastian County, Arkansas, the federal action to compel arbitration complies with the forum-selection clause. Plaintiffs cite to a body of case law distinguishing forum-selection clauses that state that venue lies in "courts of" a particular state or county from forum-selection clauses stating that venue lies in the "courts in" a particular state or county. (Doc. 20, pp. 2–3). The former are regularly interpreted to clearly impose jurisdictional limitations, and the latter to clearly impose geographical limitations. *See Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1206 (9th Cir. 2011) ("In short, the rule we adopted in *Doe 1* is that a forum-selection clause that specifies 'courts of' a state limits jurisdiction to state courts, but specification of 'courts in' a state includes both state and federal courts); *Id.* at 1206 n.1 (finding this approach accords with the approach taken by the Courts of Appeal for the First, Fourth, Fifth, Sixth, Tenth, and Eleventh Circuits); *Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399–401 (5th Cir. 2008) (explaining that when a forum-selection clause uses "in" to geographically limit venue to a particular county, a case can only be brought in federal court if a federal court sits in that county, and that the use of the word "of" is clearly jurisdictional); *cf. Presson v. Haga*, Case No. 1:18-cv-00099-SNLJ, 2018 WL 4184344, at *3 (E.D. Mo. Aug. 31, 2018) (agreeing with "the overwhelming weight of

authorities . . . finding forum-selection clauses which designate a particular county—without said county having a federal court located in it—to require, at minimum, that plaintiffs bring suit in that county, regardless of any potentially removal-related concerns raised later by defendants).

The Court agrees that the "of"/"in" distinction identified in these cases can serve to clarify the intent of the parties to a forum-selection clause, but observes that the forum-selection clause at issue in this case uses neither of those prepositions in a manner discussed by those cases. Plaintiffs also argue that because the forum-selection clause contemplates that any "Dispute" must be resolved in Sebastian County, and the agreement requires that a "Dispute" must be arbitrated (rather than heard in a court), the forum-selection clause cannot impose a jurisdictional limitation, but only a geographical one. This argument ignores the inclusion of "special proceeding[s], or any other proceeding between the parties" in the forum-selection clause, neither of which is explicitly subject to arbitration in the same way a "Dispute" is. This argument also does not clarify the intention of the parties in quite the way Plaintiffs hope. While the Court agrees with Plaintiffs that the contractual language makes clear that the parties intended the forum-selection clause to impose a geographical limitation on resolution of all disagreements, whether subject to arbitration or judicial proceedings, it does nothing to resolve the ambiguity surrounding whether they intended it to also impose a jurisdictional limitation on those disputes that are resolved outside of arbitration.

Were the resolution of this ambiguity merely a legal matter, Defendant's interpretation would prevail because Plaintiffs drafted the contract. *See Taylor v. Hinkle*, 200 S.W.3d 387, 395 (Ark. 2004) (acknowledging Arkansas's application of the doctrine of *contra proferentem*, under which ambiguities are construed against the drafter of a contract). However, the application of this doctrine in Arkansas is not the end of the matter because Arkansas courts treat the doctrine as if it operates to establish a rebuttable presumption that the parties intended the interpretation

favored by the nondrafter. *Id.* (explaining the factual intent of the parties trumps the doctrine of *contra preferentem*).

Accordingly, if evidence extraneous to the written contract exists and is relevant to resolving the ambiguity, Arkansas law requires the factfinder (here, the Court) to look beyond this doctrine to determine if that evidence reveals the parties' intention and clarifies the ambiguity in a way that rebuts the presumption against applying the drafter's preferred interpretation. "In ascertaining this intention, the court should place itself in the same situation as the parties who made the contract in order to view the circumstances as the parties viewed them at the time the contract was made." *Id*.

In looking to the extraneous evidence in this case, the Court first takes judicial notice of its own docket. Plaintiffs are involved in another action to compel arbitration that is proceeding before the undersigned and that involves a nearly identical contract.[2] *See Northport Health Serv. of Ark., LLC v. Chancey*, No. 2:20-cv-02027 (filed Mar. 6, 2020). The relevant difference between that contract and the contract in this action is that in the forum-selection clause, the parties to the other agreement have typed "Logan" into the blank space so that the clause reads "<u>Logan</u> County, Arkansas shall be the sole and exclusive venue for any Dispute, special proceeding, or any other proceeding between the parties that may arise out of, in connection with, or by reason of this Agreement." *Id.* (Doc. 2-2, p. 19). While Logan County, Arkansas is within the Western District of Arkansas, neither this Court nor any of its divisions sits in Logan County. By contrast, every county in Arkansas, including both Logan and Sebastian Counties, is the seat of an Arkansas state court. Plaintiffs' argument that this Court sits in Sebastian County, and so the parties intended the

---

[2] The existence of this nearly identical contract demonstrates that the contract is a form contract drafted by Plaintiffs, rather than one whose terms are drafted by all parties during an arm's length negotiation.

6

forum-selection clause only as a geographical limitation permitting suit to be filed in this Court, is inapplicable in the other case. *Accord Alliance Health Group*, 553 F.3d at 400 (5th Cir. 2008) (explaining that forum-selection clauses whose geographical limitations are imposed by use of the word "in" modifying a county allow for either federal or state jurisdiction if a federal courthouse sits in the identified county). Because Plaintiffs drafted the contract as a form contract whose terms are uniform in each contract despite the county inserted in the blank, and because Plaintiffs cannot make the same argument about this Court sitting in Logan County that they can about Sebastian County, that inapplicability weighs against their argument in this case and in favor of upholding the presumption that the ambiguity in this form contract should be construed against the drafter.

Furthermore, the services Plaintiffs provide—general nursing care at their facilities—are typically provided by persons who live near the facility location to those persons who are not easily able to travel far from the facility location. In light of these circumstances, it is more likely than not that the parties to this contract, like the parties to any of Plaintiffs' form contracts, intended their nonarbitration disagreements to be resolved by Arkansas state courts in the county in which the facility is located so that no witness or relevant personnel is unduly inconvenienced. Because Arkansas state courts sit in each county that can be inserted in the blank form contract, and federal district courts do not, and because with the exception of the particular county named the forum-selection clause appears to be uniform across facilities, this fact weighs in favor of Defendant's argument that the forum-selection clause was intended to limit judicially-resolved disputes to Arkansas state courts. The parties were presumably aware of the law at drafting, and the law is that state courts are equally as bound as this Court to apply the FAA and to compel arbitration where a valid arbitration agreement exists and covers the dispute. There is no good reason offered

7

here to believe that the parties intended when they agreed to a form forum-selection clause that a federal court would be the venue for any of their disputes, should a federal court by happenstance sit in one of the same counties as one of the several facilities operated by Plaintiffs. When Plaintiffs drafted the form contract, they chose not to include the sort of "of"/"in" language of which they are aware and which would clarify the ambiguous forum-selection clause. In short, there is no reason to believe that the parties to this contract intended the forum-selection clause to impose only a geographical limitation, and not a jurisdictional limitation, on court proceedings. Reading the forum-selection clause as imposing both also allows each of the words "sole" and "exclusive" in the forum-selection clause to take their plain and ordinary meaning as words that decrease, rather than increase, the different fora available for dispute resolution.

This interpretation not only harmonizes the contract's terms but harmonizes the parties' intent with the factual circumstances present at the time they entered into the contract. As a result, the Court finds it is more likely than not that the parties intended their forum-selection clause to impose a geographical limitation on all dispute resolution, arbitration or otherwise, and to impose a jurisdictional limitation on disagreements resolved outside of arbitration, consigning the latter to the Arkansas state courts in Sebastian County. The facts are consistent with application of the doctrine of *contra proferentem* and the ambiguity here is resolved against Plaintiffs.

Because the parties have selected a forum other than this Court, and because no extraordinary circumstances are present that weigh against application of that clause, the doctrine of *forum non conveniens* requires dismissal of this action so that the state courts of Arkansas can hear Plaintiffs' petition to compel arbitration, as the parties have agreed. Because the Court is dismissing on this basis, in need not reach the remaining issues raised in the instant motion to dismiss or in the pending merits motions.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (Doc. 13) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE to its refiling in the forum agreed to by the parties. Judgment will be entered accordingly.

IT IS FURTHER ORDERED that Plaintiffs' motion for summary judgment (Doc. 9) and Defendant's second motion to dismiss (Doc. 27) are TERMINATED AS MOOT.

IT IS SO ORDERED this 10th day of April, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE